# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE SANCHEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO, FRESNO POLICE DEPARTMENT, DERRICK JOHNSON, JOHN DOE, and DOES 1-100,<br><br>　　　　Defendants. | Case No. 1: 13-cv-0291-LJO-BAM<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD (Doc. 17) |

## **INTRODUCTION**

Pending before the Court is the Motion by The Layfield Law Firm, APC ("LLF") and attorneys Phillip Layfield and Edwin Essakhar to withdraw as counsel of record for Plaintiff Jeanette Sanchez ("Plaintiff" or "Sanchez").[1] Defendants did not file an opposition to the motion. The matter was heard on September 13, 2013, before the United States Magistrate Judge Barbara A. McAuliffe. Counsel Paul Atigapramoj appeared in person on behalf of Plaintiff. Counsel Tamara Bogosian appeared in person on behalf of Defendants. Despite delaying the start of the hearing for eight minutes, Plaintiff failed to appear. Having considered the moving papers, arguments presented

---

[1] Counsel's motion to withdraw was originally filed on June 13, 2013. (Doc. 11). Counsel withdrew their motion on July 11, 2013 (Doc. 13) and the motion was refiled on August 2, 2013. (Doc. 17). On August 12, 2013, Counsel filed a notice with the Court rescheduling the motion to withdraw hearing for September 13, 2013. (Doc. 19).

at the hearing, as well as the Court's file, the motion is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2012, Plaintiff filed this excessive force action in Fresno County Superior Court. Defendant City of Fresno removed the action to federal court on February 27, 2013. In her complaint, Plaintiff alleges that on March 26, 2012, she was arrested pursuant to a restraining order violation inside of her apartment located at 5451 North Gates Avenue, Apartment 107, Fresno, California 93722. When officers arrived at her home, Plaintiff was handcuffed and transported to a waiting patrol car. During her arrest, Plaintiff tripped and fell, injuring her ankle. After falling, Plaintiff alleges that officers proceeded to strike her left arm and kick her in an effort to force her into the patrol car. Plaintiff also alleges that during her arrest, she was verbally humiliated, embarrassed, and forced to use the restroom in front of male police officers. The officers also allegedly prevented Plaintiff from taking her necessary heart medication.

Sanchez initially retained LLF on or about April 30, 2012. Declaration of Phillip Layfield ("Layfield Decl."), ¶ 2, Doc. 17. Since that date, LLF claims that it has diligently and zealously represented Plaintiff in all matters in this Court. In preparing Ms. Sanchez's case, LLF contends that it has made several attempts to contact Plaintiff, but has been unable to get in contact with her. As a result, in early May 2013, LLF notified Plaintiff of its desire to withdraw as counsel. Layfield Decl. ¶ 6. On May 13, 2013, LLF sent a letter to Sanchez's last known address at 5164 E. Ashlan Ave., #118, Fresno, CA 93727, indicating the firm's intent to withdraw and requesting Plaintiff sign a consent form. Layfield Decl., ¶¶ 7-8, 12-13. Plaintiff failed to sign the consent form, but she asked that LLF return her file. On May 17, 2013, LLF complied and forwarded Plaintiff's legal materials to her last known address. On June 11, 2013, Counsel attempted to call Plaintiff's most recent telephone number, however counsel was unable to reach Plaintiff because her telephone number was no longer in service. Layfield Decl. ¶ 14.

On August 2, 2013, Plaintiff's Counsel filed the instant Motion to Withdraw as Attorney of Record for Plaintiff, asserting that it has become unreasonably difficult to represent their client effectively due to a total breakdown in communications. (Doc. 17). Counsel served the Motion on Plaintiff's most recent address via First Class mail. A hearing on the motion was held on September

13, 2013. At the hearing, Counsel explained that he was finally able to contact Ms. Sanchez using an alternative telephone number. Over the phone, Counsel again gave Ms. Sanchez notice of the Layfield Law Firm's intent to the withdraw from her case. Ms. Sanchez did not object.

## DISCUSSION

Eastern District of California Local Rule 182(d) provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona,* without leave of court. The rule further states that "[w]ithdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California" ("California Rules of Professional Conduct"). The California Rules of Professional Conduct are interpreted according to California law. *See Image Technical Services, Inc. v. Eastman Kodak Co.*, 820 F.Supp. 1212, 1215 (N.D. Cal. 1993).

Counsel indicates that its seeks permission to withdraw pursuant to Rule 3-700(C) of the California Rules of Professional Conduct because Plaintiff has rendered in unreasonably difficult to carry on effective employment. Rule 3-700(C)(1)(d) provides that a member may withdraw because the client "renders it unreasonably difficult for the member to carry out the employment effectively." In addition, Rule 3-700(C)(5) provides that grounds for withdrawal exist when "[t]he client knowingly and freely assents to termination of the employment." The decision to grant or deny a motion to withdraw as counsel, is, however, committed to the sound discretion of the trial court. *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Rus, Millband & Smith v. Conkle & Olesten*, 113 Cal.App.4th 656, 673 (2003); *Estate of Falco*, 188 Cal.App.3d 1004, 1014 (1987) ("To protect the best interests of the client, a trial court should have broad discretion in allowing attorneys to withdraw.").

The lack of a cooperative relationship between an attorney and his client may justify the attorney's withdrawal. *See, e.g.*, *U.A. Local 342 Joint Labor-Management Committee v. South City Refrigeration, Inc.*, 2010 WL 1293522, * 3 (N.D. Cal. Mar. 31, 2010) (client's failure to cooperate or communicate effectively justified granting counsel leave to withdraw); *Lewis v. Nevada County*, 2009 WL 463510, *1 (E.D. Cal. Feb. 23, 2009) (client's failure to cooperate and heed counsel's advice constituted sufficient grounds to allow counsel to withdraw). However, withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed. *Ramirez v. Sturdevant*, 21

Cal.App.4th 904, 915 (1994) (an attorney may not withdraw "at a critical point and thereby prejudic[e] the client's case); *also see* California Rules of Professional Conduct, Rule 3–700(A) ("a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client").

Finally, courts may consider the following factors in ruling on a motion for permissive withdrawal: (1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, *1 (S.D. Cal. Feb. 2, 2010); *Beard v. Shuttermart of California, Inc.*, 2008 WL 410694, *2 (S.D. Cal. Feb. 13, 2008).

Here, Counsel indicates there has been a breakdown in the relationship between LLF and Plaintiff Sanchez to the point where it is now impossible for LLF to carry out its employment. (Doc. 17 at 4). Counsel also contends that its withdrawal will not prejudice Plaintiff because the case is still in the pleading stage and is not yet set for trial. There are no pending deadlines, written discovery has not yet occurred between the parties, and the Court has not set a scheduling order. (Doc. 17 at 5).

The Court has balanced counsel's reasons for seeking to withdraw against the need to avoid undue prejudice to Plaintiff and delay in the administration of justice. The Court finds that good cause exists to permit counsel to permissively withdraw as attorney of record for Plaintiff. Counsel has indicated that Plaintiff's failure to communicate has made it "unreasonably difficult" for counsel to carry out effective employment. (Doc. 17 at 4). Further, counsel has attempted to contact Plaintiff via mail and phone, and has provided Plaintiff with notice of the motion. Plaintiff has not opposed the motion and did not appear at the hearing. There are no upcoming deadlines in this action, as a scheduling order has not been issued and there is sufficient time for Plaintiff to obtain substitute counsel, or alternatively, may proceed in pro per. Accordingly, the Motion to Withdraw as Attorney of Record is GRANTED.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Motion to Withdraw by Phillip Layfield, Edwin Essakhar, and The Layfield Law Firm, APC is GRANTED.

2. The Clerk is directed to serve a copy of this Order at Plaintiff's last known addresses as follows and which shall be used as the Plaintiff's addresses of record:

JEANETTE SANCHEZ
5164 E. Ashlan Ave., #118
Fresno, CA 93727

IT IS SO ORDERED.

Dated:   **September 16, 2013**          **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE