UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE SANCHEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO, FRESNO POLICE DEPARTMENT, DERRICK JOHNSON, JOHN DOE, and DOES 1-100,<br><br>　　　　Defendant | Case No. 1:13-cv-00291 LJO-BAM<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE** |

### I.     INTRODUCTION

On October 23, 2013, the Court held a status conference to determine whether Plaintiff Jeanette Sanchez would proceed with this action in pro per. Counsel Erica Mercado appeared in person for Defendants. Plaintiff did not enter an appearance.

On October 17, this Court granted the motion of the Layfield Law Firm to withdraw as counsel of record for Plaintiff. (Doc. 21.) The reason underlying the Layfield Law Firm's request to withdraw was that there was a breakdown in communications between Plaintiff and the Firm. (Doc. 21.) That same day, the Court issued an order directing Plaintiff to appear at the October 23, 2013 status conference to determine whether she had obtained new counsel or would proceed in pro per. (Doc. 22.) Plaintiff was admonished that "failure to appear at the status conference in person may result in

1

dismissal of this action under Federal Rule of Civil Procedure 41(b)." *Id.* The Order was served at Plaintiff's last known address -- 5164 W. Ashlan Ave., # 118, Fresno, CA 93727 – and was not returned as undeliverable. (Doc. 22.) Despite the Court's written admonishment, Plaintiff did not appear at the October 23, 2013 status conference.

## II. DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate ... dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran,* 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King,* 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424–25 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir. 2002); *see also Thompson,* 782 F.2d at 831; *Henderson,* 779 F.2d at 1423–24; *Malone,* 833 F.2d at 130; *Ferdik,* 963 F.2d at 1260–61; *Ghazali,* 46 F.3d at 53. "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

      The Court finds that dismissal of Plaintiff's complaint is appropriate. In considering the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan,* 291 F.3d at 642 (citation omitted).

      The second factor -- the court's need to manage its docket -- also weighs in favor of dismissal. "The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding." *Lopez v. Washington Mut. Bank, F.A.,* No. 1:09–CV–1838 AWI JLT, 2010 WL 2629039, at * 1 (E.D. Cal. June 25, 2010). Here, Plaintiff's failure to communicate with her former attorneys or participate in court hearings indicates she is no longer willing to litigate her claims.

      The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. A presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976); *see also, Pagtalunan,* 291 F.3d at 642. ("[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." As such, any risk of prejudice to Defendant also weighs in favor of dismissal.)

      The fourth factor of public policy favoring disposition on the merits normally weighs against dismissal. *Id.* at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228 (citation omitted). Accordingly, this factor has little weight in cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with the action. *See id.; Lopez,* 2010 WL 2629039, at *2.

      Concerning the fifth factor, the availability of lesser sanctions, "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." In re PPA, 460 F.3d at 1228. The court must consider the "feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate," whether there was an "alternative methods of sanctioning or curing the malfeasance before ordering dismissal," and whether "the court warn[ed] the plaintiff of the possibility of dismissal before actually

ordering dismissal." *Id.* at 1229 (citations omitted). A court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. Here, Plaintiff was expressly warned that if she failed to attend the October 23, 2013 hearing, the Court would dismiss her complaint. (Doc. 22.)

## FINDINGS AND RECOMMENDATION

Based on the foregoing, this Court recommends that Plaintiff's Complaint be dismissed WITHOUT PREJUDICE.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 29, 2013**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE